*Saadeh v. Kagan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

RAFIC SAADEH,

> *Plaintiff-Appellee-Cross Appellant*,

v.

JOSHUA KAGAN, MICHAEL KAGAN,

> *Defendants-Appellants-Cross Appellees*,

THE ESTATE OF IRVING KAGAN, BY ITS ADMINISTRATOR, MICHAEL KAGAN,

> *Defendant*.

24-163-cv(L);
24-245-cv(Con);
24-285-cv (XAP)

---

| FOR PLAINTIFF-APPELLEE-CROSS APPELLANT: | ALEXANDER ZUBATOV, Scarola Zubatov Schaffzin PLLC, New York, New York. |
|---|---|
| FOR DEFENDANT-APPELLANT-CROSS-APPELLE MICHAEL KAGAN: | MICHAEL KAGAN, *pro se*, New York, New York. |
| FOR DEFENDANT-APPELLANT-CROSS-APPELLEE JOSHUA KAGAN: | Joshua Kagan, *pro se*, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on December 27, 2023, is **AFFIRMED**.

Michael Kagan ("Michael"), proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of plaintiff Rafic Saadeh on his promissory estoppel claim against Michael. Joshua Kagan ("Joshua"), proceeding *pro se*, appeals from the district court's entry of judgment for Saadeh, after a jury trial, on one of Saadeh's fraudulent conveyance claims against Joshua. Saadeh cross-appeals from the district court's denial of sanctions. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In March 2021, Saadeh filed a second amended complaint ("SAC") against Michael, Joshua, and the estate of their father, Irving Kagan ("Irving"), invoking diversity jurisdiction and asserting the following claims: (1) breach of contract (against Irving's estate and Michael); (2) promissory estoppel (against Michael); (3) fraudulent conveyance under New York Debtor and Creditor Law ("NY DCL") §§ 273 and 274 (against Michael and Joshua); and (4) fraudulent

2

conveyance under NY DCL §§ 276 and 276-a (against Irving's estate, Michael, and Joshua). According to the SAC, Saadeh entered into a $130,000 loan agreement with Irving in June 2017. Pursuant to the loan agreement, Irving was to repay the loan within six months of receipt of the money. However, when the due date arrived, Irving's son Michael requested an extension of the loan, stating that he was responsible for the loan's repayment. Michael continued to request extensions for 18 months, but the debt was never repaid, even after Irving's death in January 2020. As relevant here, it is undisputed that following receipt of the loan, Irving paid Joshua at least $35,000 and transferred at least $33,650 to Michael across 38 separate payments.

Following Irving's death, the district court entered default judgment against Irving's estate in September 2021. In February 2022, Saadeh moved for partial summary judgment against Michael on his breach of contract and promissory estoppel claims. The district court granted the motion as to the promissory estoppel claim, concluding that Michael had "unambiguously promised to repay the loan and provided multiple reassurances to that effect." *Saadeh v. Kagan*, No. 20 Civ. 1945 (PAE) (SN), 2023 WL 2734422, at *4 (S.D.N.Y. Mar. 31, 2023).

In November 2023, the Section 273 and 274 claims against Joshua proceeded to a jury trial. At the conclusion of trial, the district court instructed that, should it find Joshua liable for either or both claims, the jury was required to calculate damages, namely, the amount of money Irving had transferred to Joshua from Saadeh's loan, and also the net amount of money, if any, Joshua sent to Irving after he received the transfers from Saadeh's loan. The jury found Joshua liable on the Section 273 claim, but not liable on the Section 274 claim. The jury then determined that Irving constructively fraudulently transferred $57,929 to Joshua, and that, after August 2017, Joshua paid Irving a net amount of $13,675.

Following the jury verdict, the district court directed Saadeh and Joshua to brief whether

3

Joshua's net transfers to Irving—after the constructively fraudulent transfers from Irving to Michael and Joshua—should be deducted from his damages as an offset. After briefing, the district court declined to apply any offset, reasoning that there was no caselaw establishing an offset, and, in any event, the evidence counseled against applying one. Accordingly, the district court entered judgment in favor of Saadeh, against Michael for $136,368.22, plus 9% prejudgment interest, and against Joshua for $57,929.00, plus 9% prejudgment interest (requiring the payment of interest by both defendants pursuant to New York Civil Practice Law and Rules ("NY CPLR") § 5004). Michael and Joshua appealed. In addition, Saadeh filed a cross-appeal challenging the district court's October 17, 2023 denial of his motion for sanctions.

I.      **Michael's Appeal**

This Court "review[s] a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). "Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).

Michael argues that the district court erred in granting summary judgment to Saadeh on his promissory estoppel claim. "A cause of action for promissory estoppel under New York law requires the plaintiff to prove three elements: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

The district court correctly concluded that Saadeh was entitled to summary judgment on his promissory estoppel claim. First, the numerous emails Michael sent to Saadeh assuring Saadeh that he (Michael) would repay the debt demonstrated that there was a clear and unambiguous

4

promise. Second, given the uncontroverted evidence that Michael was Irving's son and Irving (with whom Saadeh had a longstanding relationship) also assured Saadeh that Michael would resolve the issue, Saadeh proved that there was reasonable and foreseeable reliance on Michael's promise. Third, Saadeh proved an injury as a result of his reliance because it was undisputed that Saadeh was never paid, and due to Michael's promises, Saadeh did not seek to recover from Irving sooner. In short, in light of the uncontroverted facts in the record, Michael failed to raise a genuine issue of fact on the promissory estoppel claim and the district court properly granted summary judgment in Saadeh's favor on that claim.

## II.    Joshua's Appeal

Joshua raises several unpreserved challenges to the district court's jury instructions with respect to the Section 273 claim.[1] "This court applies a 'plain error' standard when reviewing unpreserved objections to jury instructions in civil cases." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 236–37 (2d Cir. 2020). "On plain error review, this court will only grant relief if there was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 237 (internal quotation marks and citations omitted).

First, Joshua challenges the district court's instruction on the presumption of insolvency, which directed that the burden would shift to Joshua to prove that Irving was not insolvent at the time of the transfer if there was no fair consideration for the transfer. Although we note that there

---

[1] At the time of the transfers at issue, Section 273 provided that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." NY DCL § 273 (2019). Although this version of Section 273 was repealed by the Uniform Voidable Transactions Act ("UVTA," 2019 N.Y. Laws 580), effective April 4, 2020, the UVTA applies only to transfers made or obligations incurred on or after its effective date. Thus, the UVTA does not apply to the Section 273 claim here. Joshua does not contend otherwise.

is conflicting authority among New York courts, we have explained that some New York courts, in interpreting Section 273, "have stated that the element of insolvency is presumed when a conveyance is made without fair consideration, and the burden of overcoming such presumption is on the transferee." *United States v. Watts*, 786 F.3d 152, 165 (2d Cir. 2015) (internal quotation marks and citations omitted). Joshua thus has not shown that the district court's instruction on a presumption of insolvency in this case "contravene[d] an *established* rule of law" and, therefore, he has not shown plain error. *See Yukos*, 977 F.3d at 237 (emphasis added) (internal quotation marks and citation omitted).

Joshua next argues that the district court improperly instructed the jury on the loan's due date. Because Joshua does not explain how this purported error impacted the case, he has failed to demonstrate plain error. Relatedly, Joshua challenges the district court's instruction on how to calculate a potential offset amount. However, as described below, the district court appropriately declined to apply any such offset and, therefore, the method of calculating the offset had no effect on the outcome of the case. Accordingly, any purported error in the jury instruction regarding the calculation of the offset does not provide a basis to disturb the jury's finding that Irving fraudulently conveyed $57,929 to Joshua.

Finally, Joshua argues, as he did through counsel in the district court, that the award of damages against him should have been offset by the net payments that he made to Irving between August 31, 2017 and Irving's death, which the jury separately calculated to be $13,675. This Court "review[s] questions of law, including the measure of damages upon which the factual computation is based, *de novo*." *Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1029 (2d Cir. 1995) (internal quotation marks and citation omitted). Joshua's argument lacks merit. Notably, Joshua identifies no New York case authority supporting the application of an offset to a

6

successful Section 273 claim under the circumstances of this case. In any event, even assuming *arguendo* such an offset was available, the district court properly concluded that it was unwarranted in this case because "[t]here was literally no evidence adduced that Joshua intended any of his payments to his father after August 2017 to be used to repay his father's July 2017 creditor" and "[t]he evidence also did not reflect any steps taken by Irving to use such transfers as he received, including from Joshua, to draw down his debt to Saadeh." Joshua App'x at 91. In short, on this record, we discern no error in the district court's refusal to afford an offset on the damages awarded with respect to the fraudulent conveyance claim.[2]

### III.     Joint Challenge to the Interest Rate on the Judgment

Michael and Joshua each argue that the district court incorrectly applied a 9% interest rate to the judgments against them; they contend that the Fair Consumer Judgment Interest Act ("FCJIA") required a 2% interest rate. We disagree.

The FCJIA amended NY CPLR § 5004 and was made effective in 2022. *See* N.Y. Leg. 2021-2022 Reg. Sess., S.5724A § 1, A6474A § 1. As amended, "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute; provided the annual rate of interest to be paid in an action arising out of a consumer debt where a natural person is a defendant shall be two per centum per annum." NY CPLR § 5004(a). The statute defines "consumer debt" as "any obligation or alleged obligation of any natural person to pay money arising out of a *transaction* in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes." NY CPLR

---

[2] To the extent Joshua also argues that the jury's verdict sheet suggests that they found no damages at all, we find that argument similarly unpersuasive. Based upon the district court's jury instructions and the jury's findings on the verdict sheet, it is clear that the jury found that the fraudulent conveyance resulted in damages to Saadeh in the amount $57,929.

§ 5004(b) (emphasis added).

Here, neither appellant engaged in a "transaction" with Saadeh; rather, Saadeh paid Michael's father, Irving, not Michael or Joshua. Therefore, the district court did not err in failing to apply the lower 2% interest rate under the FCJIA.

## IV. Saadeh's Cross-Appeal

Saadeh, who is represented by counsel, does not raise any arguments related to his cross-appeal from the denial of sanctions. Accordingly, Saadeh has abandoned any claims related to his cross-appeal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotations and citation omitted)).

\*            \*            \*

We have considered the appellants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8